

THE DEPUTY SECRETARY OF THE INTERIOR
WASHINGTON

AUG 1 5 2017

To: Secretary
Acting Solicitor
Acting Assistant Secretaries
Acting Bureau Directors
Associate Deputy Secretary
Chief of Staff
Deputy Chief of Staff
Designated Agency Ethics Official (DAEO)

From: Deputy Secretary

Subject: Ethics Recusal

The purpose of this letter is to inform you that in accordance with my ethics agreement (attached) of May 1, 2017, as required by 18 U.S.C. § 208(a), I will not participate personally and substantially in any particular matter in which I know that I have a financial interest directly and predictably affected by the matter, or in which I know that a person whose interests are imputed to me has a financial interest directly and predictably affected by the matter, unless I first obtain a written waiver, pursuant to 18 U.S.C. § 208(b)(1), or qualify for a regulatory exemption, pursuant to 18 U.S.C. § 208(b)(2). I understand that the interests of the following persons are imputed to me: any spouse or minor child of mine; any general partner of a partnership in which I am a limited or general partner; any organization in which I serve as officer, director, trustee, general partner or employee; and any person or organization with which I am negotiating or have an arrangement concerning prospective employment.

In addition, I will not participate personally and substantially in any particular matter involving specific parties in which I know a former employer or client of mine is a party or represents a party for a period of one year after I last provided service to that employer or client, unless I am first authorized to participate, pursuant to 5 C.F.R. § 2635.502(d).

As a Trump Administration political appointee, I have signed the Ethics Pledge (Exec. Order No. 13770) and I understand that I will be bound by the requirements and restrictions therein in addition to the commitments that I have made in this and any other ethics agreement. Accordingly, I will not participate personally and substantially, for two years after appointment, in any particular matter involving specific parties in which a former employer or client of mine is or represents a party, if I served that employer or client during the two years prior to my appointment,

EXHIBIT 1

unless first authorized to participate, pursuant to Section 3 of Exec. Order No. 13770. Moreover, this two-year prohibition forbids my participation in any meeting or other communication with these entities unless (1) there are five or more different stakeholders present and (2) no particular matters involving specific parties are discussed.

I am aware that I am prohibited by 30 U.S.C. § 1211(f) from holding a financial interest in any surface or underground coal mining operation. Additionally, I am aware that my position is subject to the prohibitions against holding any financial interest in federal lands or resources administered or controlled by the Department of the Interior extended to me by supplemental regulation 5 C.F.R. § 3501.103.

In addition to a copy of my ethics agreement, I have attached a list of my current recusals under the Ethics Pledge and 5 C.F.R. § 2635.502. This list will be updated as necessary. Additionally, to facilitate the implementation of best ethics practices, I have included a document entitled "Guidance for Recusal Analysis" to assist in screening matters before the Department to determine whether they are subject to my recusal requirements.

Particular matters involving specific parties, in which an entity included in my list of current recusals is a party or represents a party, are not to be referred to me and are to be resolved without my participation. Such matters include, but are not limited to, litigation, permits, grants, licenses, and agreements. Anyone having a question about my recusal agreement should bring the matter to the attention of Assistant Deputy Secretary Willens for a determination. In order to help ensure that I do not inadvertently participate in matters from which I should be recused, he will seek the assistance of an agency ethics official as appropriate. Matters from which I am recused will be appropriately delegated for handling. If you have any questions, please be reminded that ethics advice must come from the DAEO or designee acting on the DAEO's behalf, as only a designated ethics official can make ethics determinations on which Department employees may authoritatively rely for safe harbor.

In consultation with an agency ethics official, I will revise and update this memorandum whenever that is warranted by changed circumstances. In the event of any changes to this screening arrangement, I will provide you a copy of the revised screening arrangement memorandum.

Attachments

David Bernhardt

List of Recusals[1]

1. Ethics Pledge Recusals

Until August 3, 2019, absent a waiver under Section 3 of Executive Order No. 13770, I am recused from particular matters involving specific parties in which any of the following entities either is a party or represents a party to the matter. Such matters include, but are not limited to, litigation, permits, grants, licenses, applications, and agreements. For the purposes of the Ethics Pledge, this also prohibits my participation in any meeting or other communication with these entities unless (1) there are five or more different stakeholders present and (2) no particular matters involving specific parties are discussed.

Active Network LLC

BHFS-E PC

Brownstein Hyatt Farber and Schreck, LLP

Cadiz, Inc.

Center for Environmental Science Accuracy and Reliability (CESAR)

Cobalt International Energy

Eni Petroleum, North America

Halliburton Energy Services, LLC

Hudbay

Independent Petroleum Association of America (IPAA)

Klees, Don (individual)

National Ocean Industry Association (NOIA)

Noble Energy Company LLC

NRG Energy Inc.

Rosemont Copper Company

---

[1] Note that the scopes of the recusal requirements for the Ethics Pledge and 5 C.F.R. § 2635.502 are not the same. Accordingly, the lists of recusals for the Ethics Pledge and 5 C.F.R. § 2635.502 are not identical.

August 15, 2017

Sempra Energy

Statoil Gulf Services LLC

Statoil Wind LLC

Targa Resources Company LLC

Taylor Energy Company LLC

UBE PC

U.S. Oil and Gas Association

2. <u>5 C.F.R. § 2635.502 Recusals</u>

Until the date indicated for the specific entity, unless first authorized to participate by the DAEO under 5 C.F.R. § 2635.502(d), I am recused from particular matters involving specific parties in which any of the following entities either is a party or represents a party to the matter. For the purposes of 5 C.F.R. § 2635.502, such matters include, but are not limited to, litigation, permits, grants, licenses, applications, and agreements.

| Entity | Date |
|---|---|
| Active Network LLC | 8-1-18 |
| BHFS-E PC | 8-1-18 |
| Brownstein Hyatt Farber and Schreck, LLP | 8-1-18 |
| Cadiz, Inc. | 5-1-18 |
| Center for Environmental Science Accuracy and Reliability (CESAR) | 3-24-18 |
| Cobalt International Energy | 8-1-18 |
| Eni Petroleum, North America | 8-1-18 |
| Forest County Potawatomi *Community* | 3-1-18 |
| Garrison Diversion Irrigation District | 8-1-18 |
| Halliburton Energy Services, LLC | 7-29-18 |
| Hudbay | 8-1-18 |

August 15, 2017

| | |
|---|---|
| Klees, Don (individual) | 8-1-18 |
| National Ocean Industry Association (NOIA) | 7-29-18 |
| Noble Energy Company LLC | 12-1-17 |
| NRG Energy Inc. | 8-1-18 |
| Rosemont Copper Company | 8-1-18 |
| Santa Ynez River Water Conservation District, Improvement District No. 1 | 11-1-17 |
| Sempra Energy | 4-1-18 |
| Statoil Gulf Services LLC | 8-1-18 |
| Statoil Wind LLC | 8-1-18 |
| Targa Resources Company LLC | 8-1-18 |
| Taylor Energy Company LLC | 7-29-18 |
| UBE PC | 8-1-18 |
| U.S. Oil and Gas Association | 7-29-18 |
| Westlands Water District | 8-1-18 |

August 15, 2017

## Guidance for Recusal Analysis

In his ethics agreement, the Deputy Secretary agreed that, for one year after his withdrawal from his firm, he would not participate personally and substantially in any particular matter involving specific parties in which he knows his former firm is or represents a party, unless authorized to participate, pursuant to 5 C.F.R. § 2635.502(d). He also agreed not to participate personally and substantially in any particular matter involving specific parties in which he knows a former client of his is or represents a party for a period of one year after he last provided service to that client, unless he is first authorized to participate, pursuant to 5 C.F.R. § 2635.502(d)." In addition, per the Ethics Pledge, the Deputy Secretary agreed that he will not for a period of two years from the date of his appointment participate in any particular matter involving specific parties in which a former employer or client of his is or represents a party, if he served that former employer or client during the two years prior to his appointment, absent a waiver under Section 3 of Executive Order No. 13770. This includes recusal from any meeting or other communication with such a former employer or client unless (1) there are five or more different stakeholders present and (2) no particular matters involving specific parties are discussed

To assist the Deputy Secretary in complying with his ethics agreement and the Ethics Pledge, sufficient information needs to be secured before the Deputy Secretary participates in a matter to determine whether the matter meets the criteria described above.

To determine whether the Deputy Secretary may participate in a given matter, we must first determine whether that "matter" is a broad policy directed to the interests of a large and diverse group of persons or one of the two types of "particular matters" -- a "particular matter of general applicability" or a "particular matter involving specific parties."

In the context of the ethics rules, the unmodified term "matter" refers to virtually all Government work. It includes the consideration of broad policy options that are directed to the interests of a large and diverse group of persons. For instance, health and safety regulations applicable to all employers or a legislative proposal for tax reform. It also includes more narrowly defined "particular matters."

The term "particular matter" means any matter that involves deliberation, decision, or action that is focused on the interests of (1) specific persons <u>or</u> (2) a discrete and identifiable class of persons. These two types of particular matters are defined separately as "particular matters involving specific parties" and "particular matters of general applicability." (See attached diagram.)

A "particular matter involving specific parties" typically involves a specific proceeding affecting the legal rights of the parties, or an isolatable transaction or related set of transactions between <u>identified parties</u>." Examples include contracts, grants, licenses, investigations, litigation, and partnership agreements. This is the narrowest type of matter.

A "particular matter of general applicability" does not involve specific parties but at least focuses on the interests of a discrete and identifiable class, such as a particular industry or profession. Examples include rulemaking, legislation, or policy-making of general applicability that affect a particular industry or profession. For instance, a regulation prescribing safety standards for operators of oil rigs in the Gulf of Mexico or a regulation applicable to all those who have grazing permits on DOI public lands. On the other hand, a land use plan covering a large geographic area and affecting a number of industries (*e.g.,* agriculture; grazing; mining; timber; recreation; wind, solar, and/or geothermal power generation; etc.) would not constitute a "particular matter of general applicability" but, rather, would still fall within the broader definition of "matter," as it constitutes a broad policy directed to the interests of a large and diverse group of persons.

To assist the Deputy Secretary in complying with his ethics recusal requirements, one must gather sufficient information regarding a matter before the Department to determine whether the matter constitutes a particular matter involving specific parties, a particular matter of general applicability, or falls into the category of broad policy options that are directed to the interests of a large and diverse group of persons. In the event that a determination is made that the matter before the Department constitutes the narrowest type of matter, a particular matter involving specific parties, one must then reference the Deputy Secretary's List of Recusals to determine whether he is recused from participating in that matter.

Attachment



May 1, 2017

Melinda Loftin
Designated Agency Ethics Official
 and Director, Ethics Office
U.S. Department of the Interior
1849 C Street, NW, MS 7346
Washington, DC 20240

Dear Ms. Loftin:

The purpose of this letter is to describe the steps that I will take to avoid any actual or apparent conflict of interest in the event that I am confirmed for the position of Deputy Secretary of the Department of the Interior.

As required by 18 U.S.C. § 208(a), I will not participate personally and substantially in any particular matter in which I know that I have a financial interest directly and predictably affected by the matter, or in which I know that a person whose interests are imputed to me has a financial interest directly and predictably affected by the matter, unless I first obtain a written waiver, pursuant to 18 U.S.C. § 208(b)(1), or qualify for a regulatory exemption, pursuant to 18 U.S.C. § 208(b)(2). I understand that the interests of the following persons are imputed to me: any spouse or minor child of mine; any general partner of a partnership in which I am a limited or general partner; any organization in which I serve as officer, director, trustee, general partner or employee; and any person or organization with which I am negotiating or have an arrangement concerning prospective employment.

Upon confirmation, I will withdraw from the partnership of Brownstein Hyatt Farber and Schreck, LLP, and all related entities. Pursuant to the 2012 Equityholders Agreement of Brownstein Hyatt Farber and Schreck, LLP, and BHFS-E PC, I will receive a *pro rata* partnership distribution based on the value of my partnership interests for services performed in 2017 through the date of my withdrawal. This payment will be based solely on the firm's earnings through the date of my withdrawal from the partnership. I currently have a capital account with the firm. If the firm will not refund the account before I enter into Federal service, I will forfeit the account. For a period of one year after my withdrawal, I also will not participate personally and substantially in any particular matter involving specific parties in which I know the firm is a party or represents a party, unless I am first authorized to participate, pursuant to 5 C.F.R. § 2635.502(d). In addition, I will not participate personally and substantially in any particular matter involving specific parties in which I know a former client of mine is a party or represents a party for a period of one year after I last provided service to that client, unless I am first authorized to participate, pursuant to 5 C.F.R. § 2635.502(d).

My term with the Virginia Board of Game and Inland Fisheries has expired and I have resigned from my position with the Center for Environmental Science Accuracy and Reliability. For a period of one year after termination of my position with each of these entities, I will not participate personally and substantially in any particular matter involving specific parties in

which I know that entity is a party or represents a party, unless I am first authorized to participate, pursuant to 5 C.F.R. § 2635.502(d).

I will divest my interest in the T. Rowe Price Virginia Tax-Free Bond Fund, within 90 days of my confirmation. Until I have completed this divestiture, I will not participate personally and substantially in any particular matter that to my knowledge has a direct and predictable effect on the financial interests of any holding of the T. Rowe Price Virginia Tax-Free Bond Fund that is invested in the Virginia municipal bonds sector, unless I first obtain a written waiver, pursuant to 18 U.S.C. § 208(b)(1), or qualify for a regulatory exemption, pursuant to 18 U.S.C. § 208(b)(2).

If I have a managed account or otherwise use the services of an investment professional during my appointment, I will ensure that the account manager or investment professional obtains my prior approval on a case-by-case basis for the purchase of any assets other than cash, cash equivalents, investment funds that qualify for the exemption at 5 C.F.R. § 2640.201(a), or obligations of the United States.

I understand that I may be eligible to request a Certificate of Divestiture for qualifying assets and that a Certificate of Divestiture is effective only if obtained prior to divestiture. Regardless of whether I receive a Certificate of Divestiture, I will ensure that all divestitures discussed in this agreement occur within the agreed upon timeframes and that all proceeds are invested in non-conflicting assets.

If I am confirmed as Deputy Secretary of the Department of the Interior, I am aware that I am prohibited by 30 U.S.C. § 1211(f) from holding a financial interest in any surface or underground coal mining operation. Additionally, I am aware that my position is subject to the prohibitions against holding any financial interest in federal lands or resources administered or controlled by the Department of the Interior extended to me by supplemental regulation 5 C.F.R. § 3501.103.

I understand that as an appointee I will be required to sign the Ethics Pledge (Exec. Order no. 13770) and that I will be bound by the requirements and restrictions therein in addition to the commitments I have made in this ethics agreement.

I will meet in person with you during the first week of my service in the position of Deputy Secretary in order to complete the initial ethics briefing required under 5 C.F.R. § 2638.305. Within 90 days of my confirmation, I will document my compliance with this ethics agreement by notifying you in writing when I have completed the steps described in this ethics agreement.

I have been advised that this ethics agreement will be posted publicly, consistent with 5 U.S.C. § 552, on the website of the U.S. Office of Government Ethics with ethics agreements of other Presidential nominees who file public financial disclosure reports.

Sincerely,

David L. Bernhardt